IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV416-311 |
| | ) | |
| $9,000.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Before the Court is the United States' Application for Default Judgment and Final Order of Forfeiture. (Doc. 8.) In that application, the United States asks for the entry of judgment against $9,000.00 in U.S. Currency (hereinafter, the "Defendant Property") as well as against Vanessa Vazquez-Hernandez and Gernaro Barrera, their heirs, successors, and assigns, and all other persons and entities having an interest in the Defendant Property. For the following reasons, the motion is **GRANTED**.

On November 16, 2016, the United States filed a Verified Complaint for forfeiture in rem against the Defendant Property. (Doc. 1.) The Complaint alleges that the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constituted (1) money furnished or intended to be furnished in exchange for a

controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and/or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act. (Doc. 1.)

Where the Government brings a civil forfeiture action <u>in rem</u> that arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. Fed. R. Civ. P., Supp. R. G(1). Based on the facts before the Court, the Government appears to have complied with this rule. The Complaint was verified, stated the grounds for subject matter jurisdiction and venue, described the property with reasonable particularity, stated the location of the property when seized and when the action was filed, identified the federal statute under which the forfeiture action was brought, and stated sufficient facts to support a reasonable believe that the Government will be able to meet its burden of proof at trial. <u>See</u> <u>United States v. $14,660 in U.S. Currency</u>, 2013 WL 394155, at *2 (S.D. Ga. Jan. 30, 2013). Likewise, the Government complied with the notice requirements by publishing the notice of forfeiture on its website for thirty consecutive days (Doc. 5) and serving known potential claimants (Doc. 3). Fed. R. Civ. P., Supp. R. G(4)(a)-(b).

2

As reflected in the record, no persons or entities having an interest in Defendant Property have filed either a claim or answer, or otherwise appeared in this action. No person with standing is before the Court with cause to show why judgment by default should not be granted to the United States and against Defendant Property. Furthermore, no person with standing is before the Court to object to the United States' Motion for Default Judgment and Final Order of Forfeiture.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. The United States' Motion for Default Judgment and Final Order of Forfeiture is **GRANTED**;

2. The Defendant Property is hereby condemned and forfeited to the United States of America, and all right, title, claim and interest to the Defendant Property by Vazquez-Hernandez, Barrera, their heirs, successors, and assigns, and all other persons and entities are vested in the United States of America;

3. Vazquez-Hernandez, Barrera, their heirs, successors, and assigns, and all other persons and entities are forever barred from asserting a claim against the Defendant Property;

4. The United States Marshals Service or an authorized designee shall dispose of the Defendant Property according to law and regulatory procedures;

5. The Clerk is hereby **DIRECTED** to enter judgment pursuant Rule 58 of the Federal Rules of Civil Procedure upon the same terms and conditions as outlined in this Default Judgment and Final Order of Forfeiture; and

6. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 31st day of July 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA